UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Deborah Beaulac and
Nicholas Beattie

   v.                                     Civil No. 17-cv-162-JD
                                              Opinion No. 2017 DNH 203
All Systems Satellite
Distributors, Inc.,
Richard Logiudice, and
Gene's Electronics, Inc.

O R D E R

Deborah Beaulac and Nicholas Beattie brought suit against their previous employers: All Systems Satellite Distributors, Inc.[1]; Richard Logiudice, an owner and officer of All Systems; and Gene's Electronics, Inc. Beaulac and Beattie allege claims against All Systems, Logiudice, and Gene's that arose from events that occurred after Beaulac left All Systems and Gene's hired and then fired Beaulac and Beattie. All Systems and Logiudice move to dismiss the claims brought against them.

Standard of Review

In considering a motion to dismiss, the court accepts all well-pleaded facts as true, disregarding mere legal conclusions, and resolves reasonable inferences in the plaintiff's favor.

---

[1] All Systems identifies itself both as "All Systems" and "All System's." It appears that All Systems is the correct spelling.

Galvin v. U.S. Bank, N.A., 852 F.3d 146, 155 (1st Cir. 2017). Taken in that light, the complaint must state sufficient facts to support a plausible claim for relief. In re Curran, 855 F.3d 19, 25 (1st Cir. 2017). The plausibility standard is satisfied if the factual allegations in the complaint "are sufficient to support the reasonable inference that the defendant is liable." In re Fidelity ERISA Float Litig., 829 F.3d 55, 59 (1st Cir. 2016) (internal quotation marks omitted). The complaint need not include "a high degree of factual specificity" but "must contain more than a rote recital of the elements of a cause of action." Carcia-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (internal quotation marks omitted).

In their objection to the motion to dismiss, Beaulac and Beattie argue that the motion should not be considered because discovery is needed to develop facts to support their claims. They are mistaken.[2] A motion to dismiss under Rule 12(b)(6) is an appropriate means to test the sufficiency of the pleadings and does not pertain to what facts may be learned through discovery. See Charles Alan Wright & Arthur Miller, 5 Federal Practice and Procedure, § 1203 (3d ed. 2017); see also, e.g., Filler v. Kellett, 859 F.3d 148, 150 (1st Cir. 2017); Pitroff v. United States, 2017 WL 3614436, at *3 (D.N.H. Aug. 22, 2017);

---

[2] Beaulac and Beattie are represented by counsel.

2

Metro. Prop. & Casualty Ins. Co. v. Savin Hill Family
Chiropractic, Inc., --- F. Supp. 3d ---, 2017 WL 3120273, at *7
(D. Mass. July 21, 2017); Adams v. Town of Montague, 2015 WL
1292402, at *1 (D. Mass. Mar. 23, 2015) (explaining difference
between a motion to dismiss and a motion for summary judgment).

Background

Beaulac worked at Satellite Systems beginning in 2006 and was promoted to the position of director of sales in New York and New England in 2008. Her job involved selling satellite television services. Logiudice was the principal owner and chief executive officer of All Systems.

Although Logiudice had had difficult relationships with some of his employees, Beaulac's relationship with Logiudice was good until 2012. Logiudice then imposed new conditions on Beaulac that included increased travel requirements so that she had to be away from home half of each month and demands that she have her car serviced in Connecticut although she lived in New Hampshire. Beaulac believed that the new conditions were intended to force her to leave All Systems. Beaulac resigned, which was effective October 14, 2016.

Soon after her resignation, Beaulac received job offers from Gene's Electronics and Perfect 10, another satellite distribution company. Beaulac negotiated with Gene's,

explaining that she needed a guarantee of employment for at least six months and wanted a job offer for her fiancé, Beattie. Gene's offered Beaulac and Beattie jobs in a letter dated October 26, 2016, and they accepted.

In late November of 2016, the principals of Gene's, Stephanie and Darnell Oliver, told Beaulac and Beattie that Logiudice had threatened to stop doing business with Gene's unless they terminated Beaulac's employment. The Olivers proposed that they would change the employment relationship to an independent contractor relationship. The next day, however, the Olivers said that they could not offer the independent contractor positions because of a conflict with All Systems. Gene's then terminated Beaulac and Beattie.

Beaulac learned that Dan Reno of Hughes Communications had sent her an email, to her All Systems email address, offering her a job there. Logiudice found the email and called Hughes Communications, asserting that Hughes was trying to steal his employee. Logiudice's response to the email ended the offer from Hughes.

Beaulac and Beattie brought suit against All Systems, Logiudice, and Gene's. The defendants all moved to dismiss the claims brought against them. In response, Beaulac and Beattie filed objections and also filed an amended complaint.

Because the amended complaint became the operative complaint in the case, the motions to dismiss were denied without prejudice. In the amended complaint, Beaulac and Beattie allege claims against All Systems and Logiudice for tortious interference with a business relationship, Counts I and IV, and violation of the New Hampshire Consumer Protection Act, RSA Chapter 358-A, Count V.

## Discussion

Logiudice and All Systems, who will be referred to as the defendants for purposes of this order, move to dismiss the claims against them. They contend that Beaulac and Beattie, who will be referred to as the plaintiffs, have not alleged sufficient facts to support their claims and that their actions, as alleged, do not constitute tortious interference with economic relationships or violation of Chapter 358-A. The plaintiffs object, contending that they have stated viable claims against the defendants.

A. Tortious Interference with Business Relationships

In Count I, the plaintiffs allege that the defendants tortiously interfered with their employment relationship with Gene's. In Count IV, the plaintiffs allege that the defendants tortiously interfered with their agreement with Hughes

5

Communications.  The defendants contend that both claims must be dismissed.

Under New Hampshire law, a claim for tortious interference with an economic relationship requires proof that "(1) the plaintiff had an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant intentionally and improperly interfered with this relationship; and (4) the plaintiff was damaged by such interference." Singer Asset Fin. Co., LLC v. Wyner, 156 N.H. 468, 478 (2007).  To be improper, the interference must be motivated by an improper purpose.  City of Keene v. Cleaveland, 167 N.H. 731, 738 (2015); Nat'l Emp't Serv. Corp. v. Olsten Staffing Serv., Inc., 145 N.H. 158, 162 (2000); Roberts v. Gen. Motors Corp., 138 N.H. 532, 540-41 (1994) (providing factors to consider in determining whether interference was improper).  Economic relationships may include contractual relationships, business relationships, prospective contractual or business relationships, and other economic relationships or economic advantages, including employment.  See, e.g., Moulton v. Bane, 2015 WL 7274061, at *12 (D.N.H. Nov. 16, 2015); Sarah's Hat Boxes, L.L.C. v. Patch Me Up, L.L.C., 2013 WL 1563557, at *13 (D.N.H. Apr. 12, 2013); M & D Cycles, Inc. v. Am. Honda Motor Co., Inc., 208 F. Supp. 2d

6

115, 119-20 (D.N.H. 2002); Demetracopoulos v. Wilson, 138 N.H. 371, 373 (1994).

### 1. Interference with Employment at Gene's – Count I

The defendants argue that the plaintiffs were at-will employees at Gene's and for that reason cannot show tortious interference with a contractual relationship.  They also argue that the plaintiffs cannot show intentional interference or that any interference was improper.  The plaintiffs contend that their allegations support the claim.

#### a. Relationship

The defendants contend that the plaintiffs' at-will employment relationship with Gene's narrows the scope of tortious conduct that is actionable, which undermines the claim. They argue that the plaintiffs had no reasonable expectation of an ongoing economic advantage through employment at Gene's, relying on Wilcox Indus. Corp. v. Hansen, 870 F. Supp. 2d 296, 307 (D.N.H. 2012), and comment g to the Restatement (Second) of Torts § 766.  The plaintiffs assert that they did expect an ongoing relationship based on their agreement with Gene's and the implied covenant of good faith fair dealing.

Whether the plaintiffs were at-will employees or were hired for a term, their employment at Gene's was an advantageous

7

business relationship. Their reasonable expectation as to the length of the relationship may affect their damages but does not preclude the claim. See § 766, cmt. g. Therefore, the defendants' argument based on the plaintiffs' status as at-will employees does not support dismissing the claim.

    b.   Intentional and Improper Actions

The defendants also argue that the plaintiffs have not alleged facts to show that their alleged interference was intentional or improper.[3] In support, they contend that a mere refusal to deal with an entity does not constitute tortious interference, citing Lento v. RBS Citizens, N.A., 2015 WL 1430863, at *10 (D. Mass. Mar. 27, 2015).[4] Even if New Hampshire would follow the Massachusetts rule, the plaintiffs' claim is

---

[3] In their reply, the defendants contend that the plaintiffs improperly rely on the implied covenant of good faith and fair dealing to support their tortious interference claim. The covenant of good faith and fair dealing is raised to support the claim of an economic relationship with Gene's – not to suggest that All Systems and Logiudice had a duty of good faith and fair dealing to the plaintiffs.

[4] The defendants also cite the Restatement (Second) of Torts § 762. Section 762, pertaining to the privilege of selecting persons for business relations, was in the Restatement (First) of Torts but was omitted from the Restatement (Second) of Torts because it was deemed to pertain to trade regulation rather than torts. Watson's Carpet & Floor Coverings, Inc. v. McCormick, 247 S.W.3d 169, 179 (Tenn. Ct. App. 2007). Therefore, the cited section does not exist. In addition, the circumstances in this case are different from the situation addressed by § 762.

8

not based on a mere refusal of the defendants to deal with the plaintiffs, as was the claim in Lento.  Instead, the plaintiffs allege that the defendants threatened to stop doing business with Gene's unless Gene's fired the plaintiffs.  Those allegations are sufficient to support a claim of intentional and improper interference.

   2.  Hughes Communications – Count II

   The defendants contend that they did not intentionally or improperly interfere with the plaintiffs' prospective relationship with Hughes.  The allegations to support the intentional interference claim relating to the offer of employment from Hughes are meager.  Nevertheless, the plaintiffs allege that Logiudice's response to Hughes's email to Beaulac put an end to that opportunity.  That is enough to state the claim.

B.  Consumer Protection Act – RSA Chapter 358-A

   The defendants contend that the plaintiffs do not state a viable claim under RSA Chapter 358-A because the Act does not apply to claims arising from an employment relationship.  In support, the defendants cite Donovan v. Digital Equip. Corp., 883 F. Supp. 775, 779-80 (D.N.H. 1994), and an article in the Massachusetts Law Review, which addresses the Massachusetts

9

Consumer Protection Act, M.G.L.A. Chapter 93A. The plaintiffs object, arguing that the defendants' interference with their employment after Beaulac left All Systems is not an employment dispute.

In Donovan, the plaintiff claimed a violation of Chapter 358-A by his former employer when the former employer enforced a non-compete agreement with the plaintiff, which caused the plaintiff's new employer to terminate him. Id. The court concluded that the plaintiff's claim was based on a dispute with his former employer about enforcing the non-compete agreement, a dispute arising out of his employment, rather than a claim based on an unfair act or practice that is actionable under Chapter 358-A. Id. at 786.

In this case, the plaintiffs allege that "[t]he conduct of All Systems and its principal Logiudice during the course of conducting commerce in this state with respect to [Beaulac and Beattie] both during the last years of Ms. Beaulac's employment with All Systems and thereafter was unfair and deceptive." To the extent the plaintiffs' claim is based on Beaulac's employment at All Systems, it is not actionable as held in Donovan. See also Gately v. Mortara Instrument, Inc., 2017 WL 3431964, at *7 (D.N.H. Aug. 9, 2017).

To the extent the claim is based on the defendants' actions after Beaulac left her job at All Systems, the claim is not based on an employment dispute between Beaulac and the defendants. Instead, as alleged in the complaint, the defendants called Gene's after Beaulac left All Systems for the sole purpose of getting the plaintiffs fired, without any suggestion of an underlying dispute with Beaulac as justification for their conduct. Similarly, Logiudice's response to Hughes to undermine her employment there occurred after Beaulac left and without grounds arising from an employment dispute. Therefore, the defendants have not shown that the limitation applied in Donovan is applicable to that part of the plaintiffs' claim that arises from the defendants' conduct after Beaulac left All Systems.

Although the interpretation of Chapter 93A by Massachusetts courts may be persuasive in interpreting Chapter 358-A, see Remsburg v. Docusearch, Inc., 149 N.H. 148, 160 (2003), the Massachusetts Law Review article cited by the defendants does not serve that purpose here. The article does not show that Massachusetts courts would find that the circumstances alleged in this case fall within the exception from Chapter 93A for employment disputes. In addition, the plaintiffs cite a decision from the Massachusetts Superior Court, Prof'l Staffing

11

Gr., Inc. v. Champigny, 2004 WL 3120093, at *2-*4 (Suffolk Super. Ct. Nov. 18, 2004), in which the court did not apply the exception for employment disputes under the circumstances in that case.[5]  See also TalentBurst, Inc. v. Collabera, Inc., 567 F. Supp. 2d 261, 270 (D. Mass. 2008) (explaining Prof'l Staffing).

## Conclusion

For the foregoing reasons, the motion to dismiss filed by Logiudice and All Systems (document no. 23) is denied, except that any claim in Count V based on Beaulac's employment relationship with Logiudice and All Systems is dismissed.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

September 21, 2017

cc:  Brian L. Champion, Esq.
     Talesha L. Saint-Marc, Esq.
     David P. Slawsky, Esq.
     Tyler Smith, Esq.

---

[5] Oddly, the defendants fault the plaintiffs for relying on a case from Massachusetts, when the defendants also rely on Massachusetts law.  Prof'l Staffing merely shows that Massachusetts courts take differing views of the exception from Chapter 93A for employment disputes.